**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| KT SPEARS CREEK, LLC, | § | **Case No. 11-33991** |
| | § | |
| DEBTOR. | § | **(Chapter 11)** |
| | § | |

**DEBTOR'S EMERGENCY MOTION FOR ENTRY OF STIPULATION AND ORDER**
**REGARDING RECEIVERSHIP**

TO THE HONORABLE LETITIA Z. PAUL, UNITED STATES BANKRUPTCY JUDGE:

KT Spears Creek, LLC, as debtor and debtor in possession (the "Debtor"), files this *Emergency Motion for Entry of Stipulation and Order Regarding Receivership* (the "Motion to Approve Stipulation"). In support of the Motion to Approve Stipulation, the Debtor would respectfully show the Court as follows:

**JURISDICTION AND PROCEDURAL BACKGROUND**

1.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This Motion to Approve Stipulation concerns the administration of the Debtor's estate; and, therefore, it is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

2.     Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3.     On May 3, 2011 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), commencing the Debtor's above-styled case (the "Case").

4.     Since the Petition Date, the Debtor continues to operate and manage its business as a debtor in possession pursuant to Bankruptcy Code §§ 1107(a) and 1108.

1

5.      As of the date of this Motion to Approve Stipulation, no official committee of unsecured creditors has been appointed.

6.      Contemporaneously with the filing of this Motion to Approve Stipulation, the Debtor filed its *Request for Emergency Consideration of Motion for Entry of Stipulation and Order Regarding Receivership*.

## STATEMENT OF FACTS

### A.      The Debtor's Business and Real Property

7.      The Debtor is a South Carolina limited liability company with its principal place of business located in Houston, Texas.  Kyle D. Tauch is the sole member of the Debtor and resides in Houston, Texas.  The Debtor was formed on September 14, 2004 and is in the business of real estate investment and development.

8.      The Debtor's assets include, *inter alia*, three real estate holdings.  One of these real estate holding includes an operating apartment complex and an additional area on which a second apartment complex may be constructed.  The operating apartment complex, Greenhill Parish Crossing Apartments Homes (the "Greenhill Apartments"), located in Elgin, South Carolina is substantially occupied.  The Debtor's remaining two real estate holdings are comprised of undeveloped commercial land.

### B.      Secured Credit Facilities

### RBC Bank

9.      The Debtor is the borrower under that certain Commercial Promissory Note dated as of May 25, 2006 (the "RBC Bank Note") between the Debtor and RBC Centura Bank ("RBC Bank") in the original principal amount of $19,700,000.00 with interest at the initial rate of RBC Centura LIBOR Base Rate plus 1.85% per annum.  The RBC Bank Note was modified on May

25, 2006 by the execution of a Modification, Cross-Collateralization and Cross-Default Agreement, and by the execution of a Change in Terms Agreement on May 23, 2008.

10.     As security for the RBC Bank Note, the Debtor executed in favor of RBC Bank a Mortgage, Assignment of Rents and Security Agreement dated as of May 25, 2006 covering certain property, including the Greenhill Apartments.  The Mortgage, Assignment of Rents and Security Agreement was recorded on June 2, 2006, and is of record in the Office of the Register of Deeds for Richland County, South Carolina in Book 1190, at page 1008.

11.     As of the Petition Date, the Debtor's obligation under the RBC Bank Note was approximately $22,646,397.88.

**First Savers**

12.     The Debtor is also the borrower under that certain Loan Agreement dated as of December 21, 2007 (the "First Savers Loan Agreement") among the Debtor; First Savers Bank ("First Savers"), a division on Plantation Federal Bank; and Kyle D. Tauch in the amount of $6,000,000.00.  The Debtor's obligation to First Savers is secured by a Mortgage, Assignment, Security Agreement and Fixture Filing dated as of December 21, 2007 covering approximately 65 acres of undeveloped commercial real property.

13.     As of the Petition Date, the Debtor's obligation under the First Savers Loan Agreement was approximately $6,300,000.00.

**First Palmetto**

14.     The Debtor is also the borrower under a loan agreement between the Debtor and First Palmetto Savings Bank ("First Palmetto") entered into in 2006 and secured by interests in approximately 7 acres of undeveloped commercial real property.

15.     As of the Petition Date, the Debtor's obligation to First Palmetto was approximately $870,000.00.

## C.     The Receivership and Foreclosure Action

16.     RBC Bank filed a lawsuit against the Debtor and additional defendants in the Court of Common Pleas for Richland County, South Carolina (the "Court of Common Pleas") styled and numbered *RBC Bank (USA) v. KT Spears Creek, LLC et al.*, Case No. 2010-CP-40-6025.

17.     On November 12, 2010, the Court of Common Pleas entered an order appointing Henry W. Moore of Colliers International as receiver (the "Receiver") over certain property, including the Greenhill Apartments and rents and profits therefrom (the "Property"). The Greenhill Apartments are currently in receivership (the "Receivership") pursuant to this state court order and are managed by GREP Atlantic, L.P. (the "Property Manager").

18.     On February 17, 2011, the Court of Common Pleas issued a judgment of foreclosure of the Property (the "Foreclosure Judgment"). Accordingly, a public foreclosure sale was held on April 4, 2011, with bidding to remain open through and including May 4, 2011 pursuant to South Carolina state law.

## D.     Factors Leading to Bankruptcy

19.     As a result of factors including the economic slowdown in the real estate market, the tightening of credit markets and the Foreclosure Judgment, the Debtor sought bankruptcy protection. Considering these factors, the Debtor determined that it was appropriate to commence this Case to protect and maximize the value of its assets for the benefit of its creditors and to pursue refinancing and reorganization.

4

### RELIEF REQUESTED

20.     The Debtor requests that this Court approve the stipulation between the Debtor and RBC Bank to allow the Receiver to continue to operate the Greenhill Apartments on an interim basis.  The *Stipulation and Order Regarding Receivership* is attached hereto as **Exhibit A** (the "Interim Order").  As set forth below, the Debtor and RBC have agreed to allow the Receiver to remain in place and to continue to operate the Greenhill Apartments and to collect and distribute rents and profits therefrom pursuant to the Order entered by the Court of Common Pleas in Richland County, South Carolina and subject to an accounting by the Receiver served on the Debtor and RBC Bank.

**A.      Need to Allow Receiver to Continue to Operate Greenhill Apartments**

21.     There exists an immediate need to allow the Receiver to continue to operate the Greenhill Apartments on an interim basis.  Permitting him to do so will avoid business interruption, which would harm the Debtor's estate and creditors.   The goal is to maintain status quo in order to preserve, protect and maintain collateral in the hands of receiver through the end of May 2011.  Accordingly, the Debtor requests that this Court waive the turnover pursuant to Bankruptcy Code § 543 on an interim basis.  Without such relief, the Debtor's estate and its creditors will suffer immediate and irreparable harm.

**B.      The Stipulation**

22.     The Debtor and RBC Bank have entered into an agreement to permit the Receiver to remain in place through May 2011 (the "Stipulation").  As part of the Stipulation, RBC Bank has agreed not to seek dismissal of this Case, relief from the automatic stay or transfer of venue during May 2011.  In exchange, the Debtor has agreed not to pursue turnover in accordance with Bankruptcy Code § 543.  The terms of the Stipulation are as follows:

a. The Stipulation shall be in effect through and including May 31, 2011 (the "<u>Interim Period</u>"); and

b. RBC Bank consents to the Debtor's interim use of funds in which it claims an interest during the Interim Period; and

c. The Debtor and RBC Bank agree to allow the Receiver to remain in place and to permit the Property Manager to continue to operate the Greenhill Apartments and collect and distribute rents and profits therefrom; and

d. RBC Bank agrees to cooperate in continuing to facilitate provision of information relevant to this Case to the Debtor; and

e. The Debtor agrees that during the Interim Period, RBC will receive continue to receive all excess proceeds generated by the property after the payment of normal operating expenses for the month of May 2011; and

f. RBC Bank agrees not to seek dismissal of this Case, relief from the automatic stay or transfer of venue during the Interim Period and specifically reserves its right to pursue these forms of relief following the expiration of the Interim Period; and

g. The Debtor agrees not to pursue turnover of assets pursuant to, *inter alia*, Bankruptcy Code § 543 during the Interim Period and specifically reserves its right to do so following the expiration of the Interim Period.

**C.** <u>**Use of Existing Bank Accounts**</u>

23. The following bank accounts (the "<u>Bank Accounts</u>") are controlled by the Receiver and used to collect, hold and transmit funds related to the Greenhill Apartments.

a. RBC Bank Account No. XX-XXX-617-7
(Held by the Receiver)

b. Bank of America Account No. XXXX-XXXX-6757
(Held by the Property Manager)

c. Bank of America Account No. XXXX-XXXX-3393
(Held by the Property Manager)

The Debtor requests, with the agreement of RBC Bank, that this Court permit the Receiver to continue to use the existing Bank Accounts, cash management procedures and policies and any

business forms necessary to operate the Greenhill Apartments, including paying prepetition debts incurred by the Receiver, paying vendors in the ordinary course of business and to otherwise comply with the terms of the Stipulation and any and all related orders entered by this Court. *See, In re Energy Partners, Ltd.*, Case No. 09-32956 (S.D. Tex.); *In re CDX Gas, LLC*, Case No. 08-37922 (Banker. S.D. Tex.); *In re Integrated Elec. Servs., Inc.*, Case No. 06-30602 (Bankr. N.D. Tex.); *In re Daisytek, Inc.*, Case No. 03-34762 (Bankr. N.D. Tex.).

## NOTICE

24. Notice of this pleading has been provided by United States mail, e-mail and/or the Court's Electronic Case Filing system to: (a) the U.S. Trustee; (b) the Debtor's secured creditors; (c) the Receiver; (d) the Property Manager; (e) the Debtor's twenty (20) largest unsecured creditors; (f) the Internal Revenue Service and all governmental agencies required to receive notice under the Bankruptcy Rules and Local Bankruptcy Rules; and (g) any and all persons or entities that have formally appeared and requested service in this Case pursuant to Rule 9010(b) of the Bankruptcy Rules.

## REQUEST FOR IMMEDIATE RELIEF

25. Bankruptcy Rule 6003 prohibits the payment of prepetition claims, or other use of property outside the ordinary course of business, within the first twenty-one (21) days of this Case, except as necessary to prevent immediate and irreparable harm.  For the reasons stated previously herein, the Debtor submits that the relief requested is necessary to prevent immediate and irreparable harm to the Debtor's estate.

26. Furthermore, to successfully implement the foregoing, the Debtor requests a waiver of the notice requirements of Bankruptcy Rule 6004(a) and the fourteen (14) day stay under Bankruptcy Rule 6004(h) (to the extent applicable).  The exigent nature of the relief

sought herein justifies immediate relief, which is necessary for the Debtor to be able to continue to operate its business and preserve the value of its estate.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, the Debtor respectfully requests that this Court (a) enter the attached *Stipulation and Order Regarding Receivership*; and (b) grant the Debtor such other legal or equitable relief to which it may be justly entitled.

Dated:  May 18, 2011

Respectfully submitted,

**OKIN ADAMS & KILMER LLP**

By:  */s/ Maggie D. Conner*
Matthew S. Okin
Texas Bar #00784695
Maggie D. Conner
Texas Bar. #24038439
1113 Vine St., Suite 201
Houston, TX  77002
Tel:  713- 228-4100
Fax:  888-865-2118
mokin@oakllp.com
mconner@oakllp.com

**PROPOSED ATTORNEYS FOR THE DEBTOR**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was served on the parties listed on the attached Service List *via* e-mail and/or the Court's Electronic Case Filing system on the 18th day of May, 2011.

*/s/ Maggie D. Conner*
Maggie D. Conner

8