

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
05/24/2011

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| KT SPEARS CREEK, LLC | § | CASE NO. 11-33991 |
| | § | |
| Debtor. | § | Chapter 11 |

## STIPULATION AND ORDER
## REGARDING RECEIVERSHIP
[This Interim Order relates to Docket. No. _____.]

KT Speers Creek, LLC, debtor in possession (the "Debtor") in the above-styled bankruptcy case (the "Case") and RBC Centura Bank ("RBC Bank") (collectively, the "Parties") stipulate as follows:

1.  The Debtor filed a voluntary petition for relief pursuant to chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") on May 3, 2011 (the "Petition Date"). This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157(b)(2)(A) & (M).

2.  The Debtor is the borrower under that certain Commercial Promissory Note dated as of May 25, 2006 (the "RBC Note") between the Debtor and RBC Bank in the original principal amount of $19,700,000.00 with interest at the initial rate of RBC Centura LIBOR Base Rate plus 1.85% per annum. The RBC Note was modified on May 25, 2006 by the execution of a Modification, Cross-Collateralization and Cross-Default Agreement, and by the execution of a Change in Terms Agreement on May 23, 2008. As of the Petition Date, the Debtor's obligation under the RBC Note was $22,646,397.88, plus interest at an allowable rate. As security for the RBC Note, the Debtor executed in favor of RBC Bank a Mortgage, Assignment of Rents and Security Agreement dated as of May 25, 2006 covering the property located in Richland County, South Carolina, including the Greenhill Parrish Apartment Complex (the "Greenhill

Apartments"). The Mortgage, Assignment of Rents and Security Agreement was recorded on June 2, 2006, and is of record in the Office of the Register of Deeds for Richland County, South Carolina in Book 1190, at page 1008

3. RBC Bank filed a lawsuit against the Debtor and additional defendants in the Court of Common Pleas for Richland County, South Carolina (the "Court of Common Pleas") styled and numbered *RBC Bank (USA) v. KT Spears Creek, LLC et al.*, Case No. 2010-CP-40-6025, which sought to foreclose its mortgage and security interest and obtain a deficiency judgment.

4. On November 12, 2010, the Court of Common Pleas entered an order appointing Henry W. Moore of Colliers International as receiver (the "Receiver") over certain property, including the Greenhill Apartments and rents and profits therefrom (the "Property"). The Greenhill Apartments are currently in receivership (the "Receivership") pursuant to the Order of the Court of Common Pleas of Richland County, South Carolina and are managed by GREP Atlantic, L.P. (the "Property Manager").

5. The Debtor and RBC Bank have entered into an agreement to allow cash usage (the "Cash Usage Stipulation"). As part of the Cash Usage Stipulation, RBC has agreed not to seek dismissal of this Case, relief from the automatic stay or transfer of venue during May 2011, but specifically reserves its right to pursue these claims for relief and others after May 31, 2011. In exchange, the Debtor has agreed not to pursue turnover in accordance with Bankruptcy Code § 543. The goal is to maintain status quo in order to preserve, protect and maintain collateral in the hands of receiver during the Interim Period.

6. Specifically, the parties agree that the Cash Usage Stipulation shall be in effect through and including May 31, 2011 (the "Interim Period").

7. The Debtor and RBC agree to allow the Receiver to remain in place and to continue to operate the Greenhill Apartments and to collect and distribute rents and profits therefrom pursuant to the Order entered by the Court of Common Pleas in Richland County, South Carolina and subject to an accounting by the Receiver served on the Debtor and RBC Bank.

8. RBC agrees to cooperate in continuing to facilitate provision of information relevant to this Case to the Debtor.

9. The Debtor agrees that during the Interim Period, RBC Bank will receive continue to receive all excess proceeds generated in May, 2011 by the property after the payment of normal operating expenses.

10. RBC Bank agrees not to seek dismissal of this Case, relief from the automatic stay or transfer of venue during the Interim Period and specifically reserves its right to pursue these forms of relief following the expiration of the Interim Period.

11. The Debtor agrees not to pursue turnover of assets pursuant to, *inter alia*, Bankruptcy Code § 543 during the Interim Period and specifically reserves its right to do so following the expiration of the Interim Period.

12. Accordingly, the Receiver has authority to use funds in which RBC Bank holds an first priority security interest ("Cash Usage"), on an interim basis, on the terms and conditions provided for in this interim order authorizing Cash Usage (the "Interim Order"), *nunc pro tunc*, commencing on the Petition Date through and including May 31, 2011. Any continued Cash Usage thereafter shall be subject to further hearing and order of this Court, or written agreement among RBC Bank and the Debtor, as memorialized in a stipulation filed with this Court.

13. In addition, the Receiver and the Property Manager have authority to continue to use the existing Bank Accounts,[1] cash management procedures and policies and any business forms necessary to operate the Greenhill Apartments, including paying prepetition debts incurred by the Receiver, paying vendors in the ordinary course of business and to otherwise comply with the terms of the Cash Usage Stipulation and any and all related orders entered by this Court. All of the banks at which the Bank Accounts are maintained, including but not limited to, RBC (the "Cash Management Banks"), are authorized and directed to continue, maintain, service and administer the Bank Accounts.

14. Pursuant to Bankruptcy Code § 363(c)(2) and (e), the relief requested in the Cash Usage Motion is appropriate.

15. Under the circumstances, notice of the Cash Usage Motion was appropriate and sufficient for the limited purpose of this Interim Order.

16. Pursuant to Rule 4001(b)(2) of the Federal Rules of Bankruptcy Procedure, this is an Interim Order and will remain in effect pending entry of a final order on the Cash Usage Motion.

17. Nothing in this Interim Order shall preclude RBC Bank from (i) seeking to transfer venue of this Case, and/or (ii) asserting that rents and profits from the Greenhill Apartments are not property of the estate, after the expiration of the Interim Period.

---

[1] The following bank accounts (the "Bank Accounts") are controlled by the Receiver and the Property Manager and used to collect, hold and transmit funds related to the Greenhill Apartments.
- RBC Account No. XX-XXX-617-7 (Held by the Receiver)
- Bank of America Account No. XXXX-XXXX-6757 (Held by the Property Manager)
- Bank of America Account No. XXXX-XXXX-3393 (Held by the Property Manager)

18.     Nothing in this Interim Order shall preclude the Debtor from (i) seeking turnover of assets pursuant to, *inter alia*, Bankruptcy Code § 543, and/or (ii) seeking termination of the Receivership, following the termination of the Interim Period.

19.     Nothing in this Interim Order shall constitute a determination of the existence, validity, or priority of any prepetition security interest or lien of RBC, any other secured creditor, or any other party in interest, nor shall the positions of the Debtor reflected in this Interim Order be construed as admissions of any factual or legal issues between such parties. This Interim Order shall not affect the rights of any party under applicable bankruptcy or nonbankruptcy law as such may relate to the Cash Usage Motion's request for subsequent cash collateral orders.

20.     The entry of this Interim Order shall not prejudice or limit the rights of the Debtor, RBC Bank or any other party in interest to seek additional relief with respect to Cash Usage or for adequate protection. This Interim Order shall not limit or otherwise alter the rights of the Debtor or other parties in interest, except to the limited extent specifically provided for herein.

APPROVED AND ENTRY REQUESTED:

By: /s/ Constance L. Young
Constance L. Young
**JOHNSTON, ALLISON & HORD, PA**
1065 East Morehead Street
Charlotte, North Carolina 28204
Tel: 704.998.2259
Fax: 704.376.1628


Joseph G. Epstein
**WINSTEAD PC**
1100 JPMorgan Chase Tower
600 Travis Street
Houston, Texas 77002
Tel: 713.650.2740 Direct
Fax: 713.650.2400 Fax

By: /s/ Maggie D. Conner
Matthew S. Okin
Texas Bar #00784695
Maggie D. Conner
Texas Bar. #24038439
**OKIN ADAMS & KILMER LLP**
1113 Vine St., Suite 201
Houston, TX 77002
Tel: 713- 228-4100
Fax: 888-865-2118


**PROPOSED ATTORNEYS FOR THE DEBTOR IN POSSESSION**

**COUNSEL FOR RBC BANK**

The above *Stipulation and Order Regarding Receivership* is approved and its terms are so ORDERED.

Signed this 24 day of May 2011.

HONORABLE LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE