UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| IN RE:<br><br>KT SPEARS CREEK, LLC,<br><br>　　　　DEBTOR. | Case No. 11-33991-H3-11<br>Chapter 11 |

**MOTION TO DISMISS FOR BAD FAITH FILING AND FOR
IMPROPER VENUE PURSUANT TO 28 U.S.C. § 1406(a) AND § 1408**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

TO THE HONORABLE LETITIA Z. PAUL, U.S. BANKRUPTCY JUDGE:

RBC Bank (USA) ("RBC Bank"), by and through counsel, moves this Court, pursuant to the criteria established in *Little Creek Development Co.,* and pursuant to Rule 1014 of the Bankruptcy Rules to dismiss this case on the basis that the case was filed in bad faith and venue of this case is improper pursuant to 28 U.S.C. § 1408 and 28 U.S.C. § 1406(a) ("Motion").

**Jurisdiction and Venue**

1.   This Court has jurisdiction over the subject matter of this Motion pursuant to 28 U.S.C. § 1334 and the standing order of reference of the District Court. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (O). Venue properly lies in the United States Bankruptcy Court for the District South Carolina rather than in this Court. The statutory

predicates for relief are 28 U.S.C. § 1406(a) and § 1408, and Sections 105(a) and 1112(b) of the Bankruptcy Code.

**Relief Requested**

2. This bankruptcy case constitutes a "bad faith" filing designed to thwart RBC Bank from completing its foreclosure of the Property (as defined below). The general partner has orchestrated a last minute ruse to place the Debtor in bankruptcy to presumably obtain further delay after conclusion of the state court foreclosure litigation that had rendered judgment, directed the foreclosure sale, and conducted a foreclosure sale by a South Carolina magistrate. Since a deficiency was being claimed, the sale was required to remain open for 30 days to allow further bidding. RBC Bank seeks the entry of an order determining that this case should be dismissed because: (A) the case was filed in bad faith, pursuant to the criteria established in *Little Creek Development Co.*; and (B) venue is not properly with this Court pursuant to 28 U.S.C. § 1408 and dismissal is appropriate pursuant to 28 U.S.C. § 1406(a).

**Factual Background**

3. KT Spears Creek, LLC ("Debtor" or "KT Spears") filed its voluntary petition for relief under Title 11 of the United States Code on May 4, 2011, in order to stop the completion of a judicial foreclosure of a multi-family apartment complex located in Richland County, South Carolina.

4. On or about May 25, 2006, KT Spears executed and delivered to RBC Bank a written Promissory Note in the original principal amount of $19,700,000.00, as amended or modified by that certain Modification, Cross-Collateralization and Cross-Default Agreement dated May 25, 2006, and that certain Change In Terms Agreement dated May 23, 2008 (as may be amended from time to time including all renewals and modifications collectively "Note").

5.      To secure the indebtedness owed to RBC Bank under the Note, KT Spears executed and delivered to RBC Bank a written Mortgage, Assignment of Rents and Security Agreement dated May 25, 2006, and recorded with the Register of Deeds of Richland County, South Carolina on June 2, 2006 in Book 1190, Page 1008 ("Mortgage") encumbering certain real property located in Richland County, South Carolina ("Real Property") described therein.

6.      KT Spears also assigned all of KT Spears Creek's interest in and to all leases, rents and profits affecting the use, enjoyment or occupancy of all or any part of the Real Property, all as more particularly set forth in the Assignment of Leases, Rents and Profits dated May 25, 2006, and recorded on June 16, 2006 in Book 1195, Page 2187 of the Richland County Registry ("Assignment of Leases").

7.      KT Spears defaulted under the terms of the Loan Documents by, among other things, failing to pay the Note in full at maturity. As of the date of the Petition Date, the outstanding balance owed to RBC Bank was as follows:

|  |  |
|---|---|
| Principal | $19,015,447.16 |
| Interest | $ 3,479,264.72 |
| Total | $22,494,711.88 |

The per diem at a default rate is $9,507.72. The principal includes $835,940.11 in advances made by RBC Bank to pay past due and unpaid property taxes for 2009 and 2010 to Richland County, South Carolina.

8.      The Debtor's real and personal property, including the income generated therefrom, was and continues to be in the hands of a state-appointed receiver in Columbia, South Carolina, pursuant to the Order Appointing Receiver entered by the Special Circuit Court Judge in Richland County, South Carolina dated November 12, 2010. A true and correct copy of the Order Appointing Receiver is attached as **Exhibit 1**.

9. The Debtor's only asset is located in South Carolina and the Debtor is a South Carolina limited liability company.

10. Upon information and belief, all of the secured creditors are located in North and South Carolina. A title search revealed one unpaid lien claimant, Hyco Plumbing, Inc., located in South Carolina, that had performed repair or construction work on the apartment complex. Other unsecured creditors who provide services, supplies or other goods have been paid on an ongoing basis by the Receiver appointed in Richland County, South Carolina. RBC Bank has paid $835,940.11 in past due and unpaid property taxes for 2009 and 2010 to Richland County, South Carolina.

11. The only known connection to the Southern District of Texas is that Kyle Tauch, the sole member of the Debtor resides in Houston Texas.

12. The Debtor conducts no business other than alleged development operations associated with a portion of the vacant land that it owns.

### Argument and Authorities

**A. Venue is Not Proper in the Southern District of Texas and the Case Must Be Dismissed.**

13. Venue is proper where the domicile, residence, principal place of business, or principal assets are located for the 180 days immediately prior to the commencement of a case. *See 28 U.S.C. §1408 (1).*

14. The Debtor is a South Carolina limited liability corporation whose principal place of business is Richland County, South Carolina and its only assets are located in Richland County, South Carolina.

15. The only arguable basis that the Debtor has to establish and maintain venue in the Southern District of Texas is the allegation that the Debtor's principal place of business is located

in the Southern District of Texas because it is the "nervecenter" or place where general operations are supervised because the sole member of the limited liability company, Kyle Tauch, is located in the Southern District of Texas. *See e.g., In re Commonwealth Oil Ref. Co.,* 596 F.2d 1239 (5th Cir. 1979), *cert. denied,* 444 U.S. 1045, 62 L. Ed. 2d 731, 100 S. Ct. 732 (1980); *In re New Luxury Motors, LLC,* 2010 Bankr. LEXIS 753, 52 Bankr. Ct. Dec. 239 (Bankr. S.D. Texas 2010).

16. This argument must fail, however, because Kyle Tauch was not in control of the operations or taking any effort to direct or control the operations for the 180 days prior to the bankruptcy filing.

17. The day-to-day operations of the Debtor have been conducted by Greystar Real Estate Partners for the past several years. After entry of the Temporary Restraining Order by the Richland County Court of Common Pleas on September 3, 2010, all of the Debtor's excess income was directed to be turned over to RBC Bank after payment of normal and customary operating expenses. *See Temporary Restraining Order,* attached hereto as **Exhibit 2**.

18. On November 17, 2010, the Debtor was placed under a state court receivership and Kyle Tauch was specifically ordered NOT to interfere with the ongoing operations of the Debtor. *See Order Appointing Receiver* attached hereto as **Exhibit 1**.

19. Finally, although the Complaint was filed on September 2, 2010, Kyle Tauch did not make an appearance or file an Answer in the case until November 12, 2010, after RBC Bank had gone to great lengths, even to the extent of service by publication because Kyle Tauch was apparently avoiding service in the South Carolina foreclosure action. The process server tried six consecutive days to obtain service on Mr. Tauch and stated that although someone appeared to be picking up the mail, there was no sign of Mr. Tauch. *See Affidavit of Service of John Kaspar,* an authorized process server in Houston, Texas, attached hereto as **Exhibit 3**.

20. Kyle was an absentee owner for the 180 days prior to the bankruptcy filing and was specifically prohibited by the Court of Common Pleas in Richland County, South Carolina from making any decisions or having any control of the Debtor from and after November 12, 2010. Therefore, the Debtor cannot establish that the operations of the business were directed managed or controlled from the Southern District of Texas as required to establish that the principal place of business was in the Southern District of Texas.

21. Pursuant to 28 U.S.C. § 1406(a), when a case is filed in the wrong district, the Court shall dismiss the case, or, if it be in the interest of justice, transfer the case to the district where it could be brought. *See, In re Victorville Aerospace, LLC*, 2008 Bankr. LEXIS 3586 (Bankr. S.D. Texas 2008).

22. If this Court chose to transfer venue, rather than dismiss, venue is appropriate in the District of South Carolina. All of the Debtor's secured creditors are located in North and South Carolina. All of the Debtor's unsecured creditors are located in South Carolina, except for one lone judgment creditor located in Houston, Texas. All of the Debtor's assets, business records, etc. are located in South Carolina. Therefore, for convenience of the parties and the witnesses, and proper and efficient administration of the estate, South Carolina is the appropriate forum.

23. Because of the bad faith in filing the petition in an improper venue and the other indicia of bad faith indicated below, RBC Bank believes that the appropriate remedy in this case is dismissal, rather than transfer.

**B.    Debtor's Petition was filed in Bad Faith and, therefore, Must be Dismissed.**

24.    The Fifth Circuit has held that a showing of a bad-faith bankruptcy filing is an implicit "cause" to dismiss under Section 1112(b) of the Bankruptcy Code. *See Little Creek Dev. Co. v. Commonwealth Mortgage Corp. (In re Little Creek Dev. Co.)*, 779 F.2d 1068, 1071 (5th Cir. 1986); *accord Humble Place Joint Venture v. Fory (In re Humble Place Joint Venture)*, 936 F.2d 814, 816-17 (5th Cir. 1991); *Carolina Corp. v. Miller*, 886 F.2d 693, 698 (4th Cir. 1989); *In re Winshall Settlor's Trust*, 758 F.2d 1136, 1137 (6th Cir. 1985); *Albany Partners, Ltd. v. Westbrook, (In re Albany Partners, Ltd.)*, 749 F.2d 670, 674 (11th Cir. 1984). A determination of bad-faith filing turns on an analysis of the totality of the circumstances, but courts have found bad-faith filings involving: the persistent failure to comply with applicable court orders, rules, or procedures; use of the bankruptcy system simply to avoid the consequences of prior misconduct; the absence of any likelihood of rehabilitation or reorganization; and use of the bankruptcy process merely to frustrate the rights of creditors, particularly with respect to SARE cases. *See Fid. Assurance Ass'n v. Sims*, 318 U.S. 608, 618 (1943); *Humble Place Joint Venture*, 936 F.2d at 814-15, 818; *First Nat'l Bank of Sioux City v. Kerr (In re Kerr)*, 908 F.2d 400, 404 (8th Cir. 1990); *Furness v. Lilienfield*, 35 B.R. 1006, 1013 (D. Md. 1983); *In re Bowman*, 181 B.R. 836, 846 (Bankr. D. Md. 1995).

25.    In reviewing the facts of this case, the Court should consider the purpose behind bankruptcy. The Fifth Circuit has noted, "[b]ankruptcy is an equitable remedy whereby a debtor is clothed with the protection of the automatic stay, preventing his creditors from taking action against him for a period of time, in order to facilitate rehabilitation or reorganization of his finances and to promote a 'fresh start' through the orderly disposition of assets to satisfy his creditors." *Little Creek*, 779 F.2d at 1071. Requiring good faith prevents abuse of the bankruptcy

process by debtors who are only attempting to delay creditors. *Id.* at 1072. Likewise, a good faith requirement is grounded in the debtor's right to file and to maintain a case, and in turn, to enjoy the protections of the Bankruptcy Code. *See id.*

26. The Fifth Circuit has identified the following non-exhaustive list of factors as relevant to a finding of a lack of good-faith filing in a bankruptcy case:

    (a) the debtor has only one primary asset;

    (b) liens encumber the debtor's primary asset;

    (c) there are no employees, except for the principals;

    (d) the debtor has little or no cash flow to sustain a reorganization plan or to make adequate-protection payments;

    (e) there are few unsecured creditors, whose claims are relatively small;

    (f) the debtor's primary asset was posted for foreclosure and the debtor has been unsuccessful defending against foreclosure actions in state court; and

    (g) bankruptcy offers the only possibility of forestalling loss of the property.

*See id.* at 1072-73. A finding of a bad-faith filing is based on a fact-specific inquiry, and the facts of this case satisfy virtually all of the elements of the Fifth Circuit's criteria.

27. As demonstrated in RBC Bank's Motion for Designation of this case as a single asset real estate entity, this case Debtor has only one single asset, an operating apartment complex with 72 acres of undeveloped real property contiguous to the apartment complex.

28. The Debtor has no employees.

29. The only income producing portion of the Debtor's real property was in the process of being foreclosed with only one final day remaining at the time of the filing of the Bankruptcy Petition. The Bankruptcy Petition was filed on the eve of the expiration of the upset bid period

only one day before the sale was final, in an improper forum for the specific purpose of delaying and frustrating its largest secured creditor.

30. The cash flow generated by the apartment complex is insufficient to fund a confirmable plan of reorganization.

31. Upon information and belief, the Debtor has none or relatively few unsecured creditors because the property had been in the hands of a state court receiver for almost six months prior to the bankruptcy filing and all ongoing bills and expenses had been paid, including over $835,000 of past due property taxes paid by RBC Bank.

32. All of these factors were used by the Fifth Circuit in *Little Creek*, when establishing the criteria to be examined in determining if a bankruptcy filing was made in bad faith.

33. RBC Bank believes that this Debtor has no hope of a successful Plan of Reorganization and that the bankruptcy filing was only done to prevent RBC from the completion of its foreclosing procedure, which had been ongoing since September 2010.

RBC Bank therefore requests that this Court enter an order dismissing this case for improper venue pursuant to 28 U.S.C. §1408 and for bad faith filing. RBC also requests such other and further relief to which it may show itself to be justly entitled.

This the 1st day of June, 2011.

**WINSTEAD PC**

By: /s/ Joseph G. Epstein
    Joseph G. Epstein
    Texas State Bar No. 06639320
    S.D. Texas No. 11733
    1100 JPMorgan Chase Tower
    600 Travis Street
    Houston, TX 77002
    Telephone: 713-650-2740
    Facsimile: 713-650-2400
    Email: jepstein@winstead.com

**JOHNSTON, ALLISON & HORD, P.A.**

By: /s/ Constance L. Young
    Constance L. Young,
    N.C. State Bar No. 16115
    Admitted *Pro Hac Vice*
    1065 East Morehead Street
    Charlotte, NC 28204
    Telephone: 704.332.1181
    Facsimile: 704.376.1628
    Email: cyoung@jahlaw.com

ATTORNEYS FOR RBC BANK (USA)

**CERTIFICATE OF SERVICE**

    I hereby certify that on June 1, 2011, a copy of the foregoing **MOTION TO DISMISS FOR BAD FAITH FILING AND FOR IMPROPER VENUE PURSUANT TO 28 U.S.C. § 1406(a) and § 1408** was served via first class mail upon the parties shown below and on the attached mailing matrix by placing same in the United States Mail, postage prepaid in a properly addressed envelope.

| | |
|---|---|
| Magdalene Duchamp Conner<br>Matthew Scott Okin<br>Okin Adams & Kilmer LLP<br>1113 Vine Street, Suite 201<br>Houston, TX 77002<br>*Attorneys for Debtor* | Ellen Maresh Hickman<br>Office of the U.S. Trustee<br>515 Rusk Street, Suite 3516<br>Houston, TX 77002<br>*Attorney for U.S. Trustee* |

Additionally, notice of this document was electronically mailed on June 1, 2011 to the all parties registered or otherwise entitled to receive electronic notices in this case pursuant to the Electronic Filing Procedures in this District.

    /s/ Joseph G. Epstein
    Joseph G. Epstein