IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

|  |  |  |
|---|---|---|
| IN RE | ) ) ) | |
| KT SPEARS CREEK, LLC, | ) ) | CASE NO. 11-33991-H3-11 |
| Debtor, | ) ) ) | |

MEMORANDUM OPINION

The court has held a hearing on the venue issues contained in the "Motion to Dismiss for Bad Faith Filing and for Improper Venue Pursuant to 28 U.S.C. § 1406(a) and § 1408" (Docket No. 25), together with "First Savers Bank's Joinder In Motion to Dismiss or Transfer Venue" (Docket No. 46) and "First Palmetto Savings Bank, Response in Support of the Motion to Dismiss for Bad Faith Filing and for Improper Venue" (Docket No. 54).  The following are the Findings of Fact and Conclusions of Law of the court.  A separate Judgment will be entered transferring the above captioned case to the United States Bankruptcy Court for the District of South Carolina.  To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such.  To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

Findings of Fact

KT Spears Creek, LLC ("Debtor") filed a voluntary petition under Chapter 11 of the Bankruptcy Code on May 3, 2011.

Debtor owns an apartment complex located in Columbia, South Carolina, and two undeveloped tracts of real property contiguous to the tract on which the apartment complex is located.

Kyle Tauch, the person who signed the Chapter 11 petition on Debtor's behalf, as Debtor's sole member, testified that the apartment complex is Debtor's sole current source of revenue.

Tauch testified that, until a receiver was appointed, Debtor employed a management company to operate the apartment complex. He testified that a receiver was appointed to operate Debtor's interest in the apartment complex on May 2, 2010. He testified that Debtor has no employees.

Tauch testified that, prior to the filing of the petition in the instant case, Debtor's books and records were maintained at his home. He testified that he has since moved the records to an office at which Tauch conducts the business of Debtor and 60 to 70 other entities. Tauch and his office are located in Houston, Texas.

Tauch testified that Debtor's real property is located in South Carolina. He testified that all but one of Debtor's

2

secured creditors are located in South Carolina.  He testified that Debtor's other secured creditor, RBC Bank, is located in North Carolina.

Tauch testified that all but one of Debtor's unsecured creditors is located in South Carolina.

Tauch testified that he has sought informally to sell portions of Debtor's real property, using the brokerage services of a person he describes as a friend.  He testified that he has additionally begun discussions with a commercial real estate firm directed toward listing the property for sale.  He testified that both his friend and the commercial real estate firm operate in South Carolina.

## Conclusions of Law

Under 28 U.S.C. § 1408, a case may be commenced in the district "in which the domicile, residence, principal place of business in the United States, or principal assets in the United States" are located.

The principal place of business refers to the place where a corporation's high level officers direct, control, and coordinate the corporation's activities, which will typically be found at its corporate headquarters.  <u>In re Commonwealth Oil Ref. Co.</u>, 596 F.2d 1239 (5th Cir. 1979).

In the instant case, Tauch is the sole member of the Debtor, and makes its decisions.  The court concludes that

Houston, Texas is Debtor's principal place of business, though its domicile, residence, and principal assets are located in South Carolina.

If a petition is filed in a proper district, the court, on the timely motion of a party in interest or on its own motion, and after hearing on notice to the petitioners, the United States trustee, and other entities as directed by the court, may transfer the case to any other district if the court determines that the transfer is in the interest of justice or for the convenience of the parties.  BR 1014(a)(1).

The "interest of justice" inquiry involves considering four factors: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law." In re Volkswagen, 371 F.3d 201 (5th Cir. 2004).

In the instant case, there is no evidence as to court congestion.  The court considers that to be a neutral factor. The local interest in having localized interests decided at home weighs in favor of transfer to South Carolina, in light of the location of all of Debtor's property in South Carolina.  The documents addressing the relationships among the parties appear to be governed by South Carolina law.  That factor weighs in

favor of transfer to South Carolina. There appear to be no conflicts of laws issues; all issues appear governed by South Carolina law. That factor weighs in favor of transfer to South Carolina. The convenience of parties also weighs in favor of transfer. The only connection of this case to Houston, Texas is the presence of Tauch. Nearly all of the creditors are located in South Carolina. The court concludes, in the interest of justice and for the convenience of the parties, that the above captioned Chapter 11 case should be transferred to the United States Bankruptcy Court for the District of South Carolina.

    Based on the foregoing, a separate Judgment will be entered transferring the above captioned case to the United States Bankruptcy Court for the District of South Carolina.

    Signed at Houston, Texas on June 28, 2011.

_____
LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE